**Milagro ESTEVES BARRIENTOS,
Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 08–70995.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2009.*

Filed May 26, 2009.

Claudia Jasmine Lopez, Esquire, Law
Offices of Mendez & Lopez, Los Angeles,
CA, for Petitioner.

CAC–District Counsel, Esquire, Office
of the District Counsel, Department of
Homeland Security, Los Angeles, CA,
Ronald E. LeFevre, Office of the District
Counsel, Department of Homeland Securi-
ty, San Francisco, CA, Ari Nazarov, OIL,
DOJ—U.S. Department of Justice, Civil
Division/Office of Immigration Litigation,
Washington, DC, for Respondent.

Before PREGERSON, CANBY, and
BERZON, Circuit Judges.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

MEMORANDUM **

Milagro Esteves Barrientos, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Santos–Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir.2008), and we review de novo due process claims, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

█ Substantial evidence supports the BIA's finding that petitioner failed to establish past persecution or a well-founded fear of future persecution on account of her membership in a particular social group or her anti-gang political opinion. *See Santos–Lemus*, 542 F.3d at 744–47. Accordingly, petitioner's asylum claim fails.

Because petitioner failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

█ Substantial evidence supports the BIA's denial of CAT protection because petitioner failed to show it is more likely than not that she would be tortured if returned to Guatemala. *See Santos–Lemus*, 542 F.3d at 747–48.

█ Finally, we reject petitioner's contention that the BIA violated her due process rights, because the BIA provided a reasoned explanation for its decision. *See*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to establish a due process violation).

**PETITION FOR REVIEW DENIED.**